Case 2:24-cr-00186-AM   Document 7   Filed 01/31/24   Page 1 of 5

FILED
January 31, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:           CR
              Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Cause No. **DR:24-CR-00186-AM** |
| v. | § § § | **I N D I C T M E N T** |
| IGNACIO ANTONIO VALENCIA PATRICIO, | § § § § § § § § | [COUNT ONE: 18 U.S.C. § 933(a)(1), (a)(3), and (b)- Conspiracy to traffic firearms; COUNT TWO: 18 U.S.C. § 554- Smuggling Goods from the United States; COUNT THREE: 18 U.S.C. § 922(g)(5) and 924(a)(8)- Alien in Possession of a Firearm.] |
| | § | **FORFEITURE** |

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 933(a)(1), (a)(3), and (b)]

Beginning on a date unknown but no later than January 3, 2024, in the Western District of Texas, Defendant,

IGNACIO ANTONIO VALENCIA PATRICIO,

did intentionally and knowingly combine, conspire, confederate, and agree with other persons known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

1) a Harrington & Richardson, Model: Topper 158, 12-gauge shotgun (S/N: AG218408),

2) a Mauser, Model: M98, 7.92-millimeter rifle (S/N: 6849),

3) a Mauser, Model: DSM34, .22 caliber rifle (S/N: 3474),

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

COUNT TWO
[18 U.S.C. § 554]

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant IGNACIO ANTONIO VALENCIA PATRICIO did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

On or about January 3, 2024, in the Western District of Texas, Defendant,

IGNACIO ANTONIO VALENCIA PATRICIO,

knowingly and unlawfully concealed, bought, or facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit:

1) a Harrington & Richardson, Model: Topper 158, 12-gauge shotgun (S/N: AG218408),

2) a Mauser, Model: M98, 7.92-millimeter rifle (S/N: 6849),

3) a Mauser, Model: DSM34, .22 caliber rifle (S/N: 3474),

which are controlled items as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

## COUNT THREE
[18 U.S.C. § 922(g)(5) and 924(a)(8)]

On or about January 3, 2024 in the Western District of Texas, Defendant,

IGNACIO ANTONIO VALENCIA PATRICIO,

knowing that he was an alien who was illegally and unlawfully in the United States, did knowingly possess a firearm, to wit:

1) a Harrington & Richardson, Model: Topper 158, 12-gauge shotgun (S/N: AG218408),

2) a Mauser, Model: M98, 7.92-millimeter rifle (S/N: 6849),

3) a Mauser, Model: DSM34, .22 caliber rifle (S/N: 3474),

said firearms having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

## UNITED STATES OF AMERICA'S NOTICE OF DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]

### I.
### Firearms Violation and Forfeiture Statute
[Title 18 U.S.C. § 933(a)(1), (a)(3), subject to forfeiture pursuant to Title 18 U.S.C. § 934(a).]

As a result of the foregoing criminal violations set forth in Count One , the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including

any items listed below, upon conviction and as a part sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 934(a), which states the following:

> **Title 18 U.S.C. § 934. Forfeiture and fines**
> **(a) Forfeiture.**—
>     **(1) In general.** Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>         **(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>         **(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.
>     **(2) Imposition.** —The court, in imposing sentence on a person convicted of a violation of section . . . 933, shall order, in addition to any other sentence imposed pursuant to section . . . 933, that the person forfeit to the United States all property described in paragraph (1).

## II.
## Smuggling Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 554 & 371,
subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d),
made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]**

As a result of the foregoing criminal violations set forth in Count Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

> **Title 19 U.S.C. § 1595a. Aiding unlawful importation**
>     **(d) Merchandise exported contrary to law**
>     Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

## III.
## Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. § 922(g)(5), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]

As a result of the foregoing criminal violations set forth in Count Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 924. Penalties**
**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922, . . . shall be subject to seizure and forfeiture . . .

A TRUE BILL

FOREPERSON

JAIME ESPARZA
United States Attorney

By: _____
JOSHUA J. GARLAND
Assistant United States Attorney